# COPY

ENDORSED

2017 NOV 17  AM 11:5?

S. Alvarez

1  Cary Kletter (SBN 210230)
   KLETTER LAW
2  1900 S. Norfolk Street, Suite 350
   San Mateo, California 94403
3  415.434.3400

4

5  Attorney for PLAINTIFF,
   ESMERALDA SOTO

6  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7  **IN AND FOR THE COUNTY OF SANTA CLARA**

8

9  ESMERALDA SOTO,                     Case No.  **17CV319334**

10                        PLAINTIFF,    **COMPLAINT AND JURY DEMAND**

11    v.                               1. Failure to Pay Wages (FLSA);
                                        2. Failure to Pay Wages (CA Labor
12                                         Code);
   CHIPOTLE SERVICES, LLC; and DOES    3. Liquidated Damages;
13  1 - 20, inclusive.                 4. Failure to Provide Meal Periods;
                                        5. Waiting Time Penalties;
14                                      6. Violation of CA Labor Code §§ 204
                                           and 210;
15                        DEFENDANTS.   7. Failure to Provide Accurate Wage
                                           Statements;
16                                      8. Disability Discrimination;
                                        9. Failure to Accommodate;
17                                      10. Failure to Engage in the Interactive
                                            Process;
18                                      11. FEHA Retaliation;
                                        12. Labor Code Retaliation – Labor Code
19                                          § 98.6;
                                        13. Wrongful Termination in Violation of
20                                          Public Policy; and
                                        14. Unlawful, Unfair and Fraudulent
21                                          Business Practices;

22

23

24

25

26

27

28

COMPLAINT AND JURY DEMAND

- 1 -

BY FAX

EXHIBIT A

PLAINTIFF alleges as follows:

## INTRODUCTION

1.   This is an action brought by PLAINTIFF ESMERALDA SOTO ("PLAINTIFF" or SOTO") against the DEFENDANTS CHIPOTLE SERVICES, LLC ("CHIPOTLE"); and DOES 1 through 20 (collectively, "DEFENDANTS"), inclusive, in connection with claims arising out of PLAINTIFF's employment with the DEFENDANTS.

2.   This is an action for damages due to (1) Failure to Pay Wages (FLSA); (2) Failure to Pay Wages (CA Labor Code); (3) Liquidated Damages; (4) Failure to Provide Meal Periods; (5) Waiting Time Penalties; (6) Violation of CA Labor Code §§ 204 and 210; (7) Failure to Provide Accurate Wage Statements; (8) Disability Discrimination; (9) Failure to Accommodate; (10) Failure to Engage in the Interactive Process; (11) FEHA Retaliation; (12) Labor Code Retaliation – Labor Code § 98.6; (13) Wrongful Termination in Violation of Public Policy; and (14) Unlawful, Unfair and Fraudulent Business Practices.

## THE PARTIES

3.   PLAINTIFF is an individual who, at all relevant times, was and is a resident of the State of California, County of San Mateo.

4.   CHIPOTLE is, upon information and belief, a corporation doing business and operating in the State of California, County of Santa Clara.

5.   PLAINTIFF is ignorant of the true names and capacities of the DEFENDANTS sued herein as DOES 1 through 20 therefore sues them by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that said DEFENDANTS are in some manner legally responsible for the activities and damages alleged herein. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained.

6.   PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned each of the DEFENDANTS was acting as the partner, agent, servant, and employee of each of the remaining DEFENDANTS, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining DEFENDANTS.

7.   DEFENDANTS operated as an integrated enterprise, with shared resources, and agency in fact for the others.

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION AND VENUE**

8.     Jurisdiction and venue are proper because PLAINTIFF worked for DEFENDANTS in the County of Santa Clara, California.

9.     In response to CHIPOTLE's unlawful conduct, PLAINTIFF has filed a timely Complaint against CHIPOTLE with the California Department of Fair Employment and Housing ("DFEH") on June 29, 2017.

10.   On June 29, 2017, the DFEH issued a Right-To-Sue Notice under California Government Code Section 12965(b), permitting PLAINTIFF to file a civil action against CHIPOTLE under the provisions of FEHA.

11.   On June 29, 2017, CHIPOTLE was served with the DFEH Complaint and Right-to-Sue Notice via certified mail.

**FACTUAL ALLEGATIONS**

12. PLAINTIFF started working at CHIPOTLE in Palo Alto, California on June 28, 2013 as a crew member at $13.00 per hour.

13. On or around January 27, 2016, PLAINTIFF received a merit based promotion to "Kitchen Manager" and received a pay increase to $14.00 per hour.

14. On or around July 28, 2016, Plaintiff was again promoted because of her excellent work. She was promoted to "Service Manager" and received a pay increase to $15.00 per hour.

15. On or around March 22, 2017, PLAINTIFF received an additional merit based pay increase to $16.00 per hour.

16. After PLAINTIFF was promoted to Service Manager, she was no longer provided with opportunities to take any meal breaks during her shifts.

17. Due to CHIPOTLE's insufficient staffing during PLAINTIFF's shifts, PLAINTIFF was forced to work approximately 45 minutes off-the-clock work, after she punched out for the day, about two times per week.

18. PLAINTIFF was not paid for any of her known off-the-clock work.

19. PLAINTIFF was also required to punch out for meal breaks as if she had been provided with them even though she was never afforded such breaks.

20. PLAINTIFF was required to punch out for breaks that she did not receive because CHIPOTLE's time-keeping system would otherwise not allow her to clock out at the end of her shifts.

EXHIBIT A

21. PLAINTIFF's supervisors at CHIPOTLE were all well-aware that PLAINTIFF was not provided with meal breaks.

22. PLAINTIFF's supervisors at CHIPOTLE required her to stay on the premises at all times to complete tasks due to insufficient staffing.

23. PLAINTIFF was not paid for the off-the-clock work she performed for the times she clocked out for meal breaks but did not receive such breaks.

24. During PLAINTIFF's employment, she complained to her supervisors several times regarding her inability to take breaks due to the lack of staffing.

25. DEFENDANTS' management personnel constantly told PLAINTIFF that it was her responsibility to make sure all tasks were completed.

26. PLAINTIFF was often told she needed to get the job done and sacrifice her own breaks.

27. PLAINTIFF informed DEFENDANTS that she suffers from Post-Traumatic Stress Disorder ("PTSD") and that the lack of breaks and insufficient staffing was exacerbating her conditions and causing her overwhelming stress.

28. PLAINTIFF' continuously complained to her manager, Emma LeSui about not receiving breaks.

29. PLAINTIFF complained to DEFENDANTS' management team that the stress from not having breaks was worsening her disability.

30. No action was taken in response to PLAINTIFF's complaints and the understaffing issue persisted until her constructive termination on May 24, 2017.

31. As a result of DEFENDANTS' failure to take any action whatsoever in response to PLAINTIFF's complaints, PLAINTIFF was forced to quit after four years of employment, with no job prospect because her health and welfare was in jeopardy.

32. PLAINTIFF gave her supervisor two weeks' notice of her resignation on or around May 19, 2017.

33. On May 21, 2017, PLAINTIFF called DEFENDANTS to inform them that her daughter had a fever and she would not be able to work on Monday.

34. PLAINTIFF called another employee and that employee was able to cover her shift on Monday, May 22, 2017.

35. PLAINTIFF's employment with CHIPOTLE ended on May 26, 2017 when DEFENDANTS abruptly terminated her employment after she took time-off work to care for

COMPLAINT AND JURY DEMAND

- 4 -

EXHIBIT A

1  her very sick daughter.

2      36. PLAINTIFF is owed wages for her accrued sick leave.

3      37. PLAINTIFF did not receive accurate wage statements during her employment with

4  CHIPOTLE.

5      38. PLAINTIFF has suffered significant emotional distress as a result of DEFENDANTS'
   conduct.

6                          **FIRST CAUSE OF ACTION**
7                          Failure to Pay Wages (FLSA)
                                    29 USC 207
8                            (Against all DEFENDANTS)

9      39. PLAINTIFF re-alleges all of the previous allegations herein.

10     40. The FLSA provides that employees must be paid for all hours worked in a workweek.

11     41. The FLSA provides that an employee must receive overtime payment for hours worked

12  in excess of 40 hours in a workweek at a rate not less than time and one-half (1½) the regular

13  rate of pay.

14     42. On many occasions throughout PLAINTIFF's employment, DEFENDANTS engaged,

15  suffered or permitted PLAINTIFF to work in excess of forty (40) hours in a week.

16     43. During PLAINTIFF's employment, PLAINTIFF worked in excess of forty (40) hours
   in a week without receiving minimum overtime compensation.

17     44. During PLAINTIFF's employment, PLAINTIFF was required to work off-the-clock

18  and was not paid any wages for those hours worked.

19     45. PLAINTIFF worked in excess of forty (40) hours in a week without receiving

20  minimum overtime compensation during the statutory time period.

21     46. DEFENDANTS willfully failed to pay PLAINTIFF for all hours worked and failed to

22  pay PLAINTIFF's overtime premium for every hour of overtime that they engaged, suffered or

23  permitted PLAINTIFF to work.

24     47. DEFENDANTS intentionally failed to comply with the requirements of the FLSA.

       48. As a legal result of the aforementioned violations, PLAINTIFF has suffered harm and
25  are is entitled to recover the unpaid hourly "straight" wages and overtime compensation,

26  including interest thereon, costs of suit and reasonable attorneys' fees, all in an amount to be

27  determined at trial.

28

EXHIBIT A

**SECOND CAUSE OF ACTION**
Failure to Pay Wages (California Labor Code)
(Against all DEFENDANTS)

49. PLAINTIFF re-alleges all of the previous allegations herein.

50. The California Labor Code ("Labor Code") including, but not limited to, § 510(a) provides that work in excess of 8 hours in a day, or 40 hours in a week, must be compensated at a rate not less than one and one-half times the regular rate of pay for an employee.

51. IWC Wage Order 4 and/or Title 8 of Cal. Code of Regulations § 11010 *et seq.* also provide that work in excess of 8 hours in a day, or 40 hours in a week, must be compensated at not less than one and one-half times the regular rate of pay for an employee.

52. PLAINTIFF sometimes worked 8 hours or more per shift during her employment with DEFENDANTS.

53. PLAINTIFF typically worked more than 8 hours per day and 40 hours per week during the statutory time period without being properly compensated for all hours worked.

54. PLAINTIFF was not paid wages for all hours she worked, and she regularly worked off the clock as instructed by management.

55. DEFENDANTS failed to pay PLAINTIFF overtime premium wages for all overtime hours worked.

56. Pursuant to Labor Code § 1194, PLAINTIFF is entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation for all hours worked in excess of eight hours a day.

57. As a direct and proximate result of DEFENDANTS conduct, PLAINTIFF has suffered damages in an amount to be proven at trial.

58. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorneys' fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

**THIRD CAUSE OF ACTION**
Liquidated Damages Pursuant to Labor Code § 1194.2 and FLSA
(Against all DEFENDANTS)

59. PLAINTIFF re-alleges all of the previous allegations herein.

EXHIBIT A

60. At times, Plaintiff was not even paid minimum wage for her hours worked.

61. PLAINTIFF brings an action under CA Labor Code § 1194(a) and the FLSA to recover liquidated damages because DEFENDANTS did not pay PLAINTIFF's minimum overtime wages set by statute or as ordered by California Industrial Welfare Commission under IWC Wage Order 4-2001, 8 Cal. Code of Regulations § 11040, and 29 U.S.C. 216(b).

62. PLAINTIFF is entitled to liquidated damages under the California Labor Code and the FLSA.

63. By reason of the conduct alleged hereinabove, PLAINTIFF is entitled to liquidated damages pursuant to Labor Code Section 1194.2 and the FLSA, in an amount according to proof.

### FOURTH CAUSE OF ACTION
Failure to Provide Meal Periods in Violation
of Labor Code §§ 226.7 and 512 and IWC Wage Orders
(Against all DEFENDANTS)

64. PLAINTIFF re-alleges all of the previous allegations herein.

65. At all times relevant herein, Labor Code §§ 226.7 and 512 and the applicable wage IWC orders, including IWC Wage Order 4-2001 (Cal. Code Reg., tit. 8, § 11010, subds. 11(A) and 12(A)), have required DEFENDANTS to provide PLAINTIFF meal and rest periods.

66. Labor Code §§ 226.7 and 512, and the IWC wage orders, including IWC Wage Order 4-2001 (Cal. Code Reg., tit. 8, § 11010, subds. 11(A) and 12(A)), prohibit employers from employing an employee for more than five hours without providing an opportunity for a meal period of less than 30 minutes, unless the employee works less than six hours.

67. Unless an employee is relieved of all duty during the 30-minute meal period, the employee is considered "on duty" and the meal and rest periods are counted as time worked, under the applicable wage orders.

68. Under Labor Code § 226.7(b) and the IWC wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

69. During the statutory time period, PLAINTIFF regularly worked more than five (5) hours per day, but was not provided with an uninterrupted 30-minute meal break where she was

EXHIBIT A

relieved of all her job duties.

70. DEFENDANTS had a policy and practice of not providing PLAINTIFF with uninterrupted meal breaks.

71. The aforementioned policies and practices are in violation of law, in that DEFENDANTS' policies and practices have denied PLAINTIFF the meal breaks to which she was legally entitled.

72. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered damages in an amount to be proven at trial.

73. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorneys' fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

**FIFTH CAUSE OF ACTION**
Waiting Time Penalties Labor Code §§ 201 and 203
(Against all DEFENDANTS)

74. PLAINTIFF re-alleges all of the previous allegations herein.

75. Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge.

76. PLAINTIFF was not paid full compensation for all hours worked within the statutory timeframe—i.e., PLAINTIFF has not been paid all regular wages and overtime wages due to her, the premiums due to her for the meal breaks and rest periods that she was not provided, and her accrued vacation pay.

77. DEFENDANTS have willfully failed and refused to make timely payment of wages to PLAINTIFF.

78. Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge.

79. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Labor Code § 201, then the employer is liable for waiting time pay in the form of continued compensation for up to thirty (30) work days.

80. PLAINTIFF is entitled to unpaid compensation for all hours worked at the legally

EXHIBIT A

mandated rates, but for which she has not yet been paid.

81. PLAINTIFF has not yet been fully compensated for the hours she worked.

82. DEFENDANTS have willfully failed and refused to make timely payment of wages to PLAINTIFF.

83. As a direct and proximate result of DEFENDANTS' conduct, DEFENDANTS are liable to PLAINTIFF for up to thirty (30) days of waiting time pay pursuant to Labor Code § 203.

84. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is also entitled to attorneys' fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

85. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
Violation of Labor Code §§ 204 and 210
(Against all DEFENDANTS)

86. PLAINTIFF re-alleges all of the previous allegations.

87. All wages due to any employee are due and payable twice during each month and all overtime wages must be paid no later than the payday for the next regular payroll period pursuant to Labor Code § 204.

88. DEFENDANTS did not pay PLAINTIFF all of the wages, including overtime wages, to which she was owed for each pay period throughout her employment.

89. DEFENDANTS did not pay PLAINTIFF all of the wages to which she was owed within the applicable time periods set forth in Labor Code § 204.

90. DEFENDANTS failed to pay PLAINTIFF overtime wages to which she was entitled and failed to make each and every payment on time to PLAINTIFF.

91. Labor Code § 210 provides, without limitation, that in addition to, and entirely independent and apart from, any other penalty provided by the Labor Code, every person who fails to pay the wages of each employee as provided in sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5 of the Labor Code, shall be subject to a civil penalty.

92. DEFENDANTS failed to pay wages to PLAINTIFF, as provided in sections 201.3, 204,

EXHIBIT A

1  204b, 201.1, 204.2, 205, 205.5 and 1197.5 of the Labor Code.

2  93. Labor Code § 210 provides for penalties for failure to pay wages pursuant to California
3  Labor Code § 204 as one-hundred dollars ($100) for any initial violation and two-hundred
4  dollars ($200) for each subsequent violation, plus twenty-five percent (25%) of the amount
   withheld.
5
6  94. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is entitled to
   attorneys' fees, in addition to interest, expenses and costs of suit.
7

8  **SEVENTH CAUSE OF ACTION**
   Failure to Provide an Accurate Wage Statement in
9  Violation of Labor Code § 226(a) and 226(e)
   (Against all DEFENDANTS)
10

11  95. PLAINTIFF re-alleges all of the previous allegations herein.

12  96. Labor Code § 226(a) and/or IWC Wage Orders (*See* 8 Cal. Code of Regs., §11040(8))
13  provide that every employer shall, semimonthly or at the time of each payment of wages,
14  provide each employee with a written, accurate statement showing, *inter alia*, the gross wages
15  earned, the total hours worked by the employee, and the applicable hourly rate in effect during
   the pay period and the corresponding number of hours earned at each hourly rate.
16
17  97. The Labor Code § 226(e) provides:

       An employee suffering injury as a result of a knowing and intentional failure by
18     employer to comply with subdivision (a) is entitled to recover the greater of all actual
       damages or fifty dollars ($50) for the initial pay period in which the violation occurs
19     and one hundred dollars ($100) per employee for each violation in a subsequent pay
       period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is
20     entitled to an award of costs and attorneys' fees.

21  98. During the statutory time period, DEFENDANTS knowingly and intentionally failed to
22  provide accurate wage statements to PLAINTIFF in that the wage statements that
23  DEFENDANTS provided to PLAINTIFF do not accurately reflect the actual hours worked and
24  the wages earned.

25  99. Wage statements to PLAINTIFF during the statutory time period were inaccurate.

26  100. DEFENDANTS are liable to PLAINTIFF for the amounts described above, in
27  addition to the civil penalties provided for in Labor Code §226.3.

28  101. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF is entitled

EXHIBIT A

1   to attorneys' fees under Labor Code § 226(e), in addition to interest, expenses and costs of suit.

2

3                                **EIGHTH CAUSE OF ACTION**
                                   Disability Discrimination
4                                  Cal. Gov. Code § 12940 *et seq.*
                                   (Against All DEFENDANTS)
5

6       102. PLAINTIFF incorporates all of the previous allegations herein.

7       103. DEFENDANTS, through their agents and employees, engaged in a pattern and

8   practice of unlawful discrimination in violation of the California Fair Employment and Housing

9   Act ("FEHA") in connection with the terms and conditions of PLAINTIFF's employment.

10      104. PLAINTIFF was discriminated against due to her disabilities.

11      105. PLAINTIFF suffered adverse employment action by, *inter alia*, being denied

    appropriate accommodation that she requested.
12
        106. DEFENDANTS' conduct adversely affected the terms and conditions of
13
    PLAINTIFF's employment and thereby constituted adverse employment actions.
14
        107. DEFENDANTS had actual and/or constructive knowledge of the discriminatory
15
    conduct described and alleged herein, and condoned, ratified and/or participated in the
16
    discrimination.
17
        108. As a result of DEFENDANTS' failure to protect PLAINTFF from discrimination,
18
        PLAINTFF suffered significant emotional distress.
19
        109. PLAINTIFF is informed and believes and thereon alleges that in addition to the
20
    practices enumerated above, DEFENDANTS, and each of them, engaged in other
21
    discriminatory practices against PLAINTIFF, which are not yet fully known. At such time as
22
    said discriminatory practices become known to PLAINTIFF, PLAINTIFF will seek leave of
23
    court to amend this complaint in those regards.
24
        110. DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex,
25
    injure, annoy, humiliate and embarrass PLAINTIFF, and in conscious disregard of the rights or
26
    safety of PLAINTIFF, other employees of DEFENDANTS, and the public in furtherance of
27
    DEFENDANTS' ratification of the wrongful conduct of the managers of DEFENDANTS.
28
    Accordingly, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS.

        111. By reason of the conduct of DEFENDANTS, and each of them as alleged herein,

EXHIBIT A

PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of DEFENDANTS' and each of their actions, PLAINTIFF sustained economic damages to be proven at trial. As a further result of DEFENDANTS' and each of their actions, PLAINTIFF suffered emotional distress, resulting in damages to be proven at trial.

112. The above discriminatory conduct violates FEHA, Government Code §§ 12940 and 12941 and California Public Policy and entitles PLAINTIFF to all categories of damages, including exemplary or punitive damages.

## NINTH CAUSE OF ACTION
Failure to Accommodate – FEHA
Cal. Gov. Code § 12940 *et seq.*
(Against All DEFENDANTS)

113. PLAINTIFF incorporates all of the previous allegations herein.

114. The actions and conduct of the DEFENDANTS, or some of them, violated FEHA in that DEFENDANTS, or some of them, failed to provide PLAINTIFF with reasonable accommodations for her disabilities.

115. The public policy of the State of California set forth within Cal. Gov. Code §12940 et seq. supports employment of persons with disabilities. It is the statutory obligation of the employer to engage in an interactive process in an attempt to make a reasonable accommodation for the disability of an employee, including but not limited to, job restructuring.

116. DEFENDANTS have and had an ongoing duty to engage in the interactive process to determine an effective and reasonable accommodation for PLAINTIFF, but DEFENDANTS completely failed to do so.

117. In violation of FEHA, DEFENDANTS, or some of them, failed to provide PLAINTIFF with reasonable accommodations for her medical disability and failed to engage in an ongoing interactive process.

118. PLAINTIFF is and was able to perform the essential functions of her position with reasonable accommodation, as confirmed by her doctor.

EXHIBIT A

119. PLAINTIFF's meal periods could have been accommodated by DEFENDANTS.

120. DEFENDANTS failed to meet their obligations under FEHA by failing to reassign PLAINITFF to a vacant, equivalent position or accommodating her in her position.

121. As a proximate cause of DEFENDANTS' conduct, PLAINTIFF has suffered and continues to suffer actual damages and general damages in the form of pain and suffering, physical injury, emotional distress, humiliation embarrassment and attorneys' fees and costs in an amount according to proof.

### TENTH CAUSE OF ACTION
Failure to Engage in the Interactive Process - FEHA
Cal. Gov. Code § 12940 *et seq.*
(Against All DEFENDANTS)

122. PLAINTIFF incorporates all of the previous allegations herein.

123. DEFENDANTS were required to engage in a timely, ongoing, good faith interactive process to attempt to accommodate PLAINTIFF.

124. DEFENDANTS' obligation to engage in the interactive process continues when the employee asks for a different accommodation, or when the employer is aware that the initial accommodation is failing.

125. DEFENDANTS failed to meet their obligations of engaging in the interactive process with PLAINTIFF.

126. DEFENDANTS completely failed to meet their obligations to reasonably accommodate as they required PLAINTIFF to work for long periods of time without a rest break. PLAINTIFF continually requested accommodations, but her requests were ignored and DEFENDANTS did not make any attempt to find an alternate accommodation.

127. PLAINTIFF is and was able to perform the essential functions of her position with reasonable accommodation.

128. DEFENDANTS have and had an ongoing duty to engage in the interactive process to determine an effective and reasonable accommodation for PLAINTIFF, but DEFENDANTS completely failed to do so.

129. At all relevant times, DEFENDANTS had actual and constructive knowledge of the failure to engage in the interactive process described and alleged herein, and condoned, ratified and/or participated in the discrimination.

EXHIBIT A

130. DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass PLAINTIFF or cajole her to quit, and in conscious disregard of the rights or safety of PLAINTIFF, other employees of DEFENDANTS, and the public and in furtherance of DEFENDANTS' ratification of the wrongful conduct of the managers of DEFENDANTS. Accordingly, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS.

131. By reason of the conduct of DEFENDANTS and each of them as alleged herein, PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of DEFENDANTS' and each of their actions, PLAINTIFF sustained economic damages to be proven at trial. As a further result of DEFENDANTS' and each of their actions, PLAINTIFF suffered emotional distress; resulting in damages to be proven at trial.

132. The above discriminatory conduct violates FEHA, Government Code §§ 12940 and 12941 and California Public Policy and entitles Plaintiff to all categories of damages, including exemplary and/or punitive damages.

## ELEVENTH CAUSE OF ACTION
FEHA Retaliation – Cal. Gov. Code § 12945.1 *et seq.*
(Against all DEFENDANTS)

133. PLAINTIFF incorporates all of the previous allegations herein.

134. PLAINTIFF's unlawful termination constitutes retaliation in violation of FEHA.

135. Demoting PLAINTIFF upon his return from disability leave constituted retaliation in violation of FEHA.

136. Terminating PLAINTIFF while on disability leave after he informed DEFENDANT'S of his expected date of return constituted retaliation in violating FEHA.

137. By reason of the conduct of DEFENDANTS and each of them as alleged herein, PLAINTIFF has necessarily retained attorneys to prosecute the within action. PLAINTIFF is therefore entitled to reasonable attorneys' fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of DEFENDANTS and each of their actions, PLAINTIFF sustained economic damages to be proven at trial. As a further

EXHIBIT A

1    result of DEFENDANTS and each of their actions, PLAINTIFF suffered emotional distress
2    resulting in damages to be proven at trial.

3         138. The conduct of DEFENDANTS and/or their agents/employees as described herein
4    was malicious, and/or oppressive, and done with a willful and conscious disregard for
     PLAINTIFF's rights and for the deleterious consequences of DEFENDANTS' actions.
5    DEFENANTS and/or their agents/employees or supervisors authorized, condoned and ratified
6    the unlawful conduct remaining DEFENDANTS.  Consequently, PLAINTIFF is entitled to
7    punitive damages against DEFENDANTS.

8
9    **TWELFTH CAUSE OF ACTION**
     Labor Code Retaliation in Violation of Labor Code §98.6
10   (Against All DEFENDANTS)
11
          139. PLAINTIFF re-alleges all of the previous allegations herein.
12
          140. In violation of Labor Code § 98.6, DEFENDANTS retaliated against PLAINTIFF
13   for having opposed, resisted, and complained of the acts alleged herein.

14        141. Within a short time after PLAINTIFF complained of DEFENDANTS violations of
15   her rights under the Labor Code regarding her missed breaks and working off-the-clock due to
16   insufficient staffing by DEFENDANTS, PLAINTIFF was subjected to retaliatory treatment
17   including constructive termination and having her position abruptly terminated.

18        142. By reason of the conduct of DEFENDANTS and each of them as alleged herein,
     PLAINTIFF has necessarily retained attorneys to prosecute the within action.  PLAINTIFF is
19   therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness
20   fees and costs, incurred in bringing the within action.

21        143. As a result of DEFENDANTS and each of their actions, PLAINTIFF sustained
22   economic damages to be proven at trial.  As a further result of DEFENDANTS' and each of
23   their actions, PLAINTIFF suffered emotional distress; resulting in damages to be proven at
24   trial.

25        144. The conduct of DEFENDANTS and/or their agents/employees as described herein
26   was malicious, and/or oppressive, and done with a willful and conscious disregard for
     PLAINTIFF's rights and for the deleterious consequences of DEFENDANTS' actions.
27   DEFENDANTS and/or their agents/employees or supervisors authorized, condoned and
28

**EXHIBIT A**

1   ratified the unlawful conduct of the remaining DEFENDANTS.  Consequently, PLAINTIFF is

2   entitled to punitive damages against DEFENDANTS.

3
### THIRTEENTH CAUSE OF ACTION
4   Wrongful Termination in Violation of Public Policy
5   (Against all DEFENDANTS)

6       145.  PLAINTIFF re-alleges all of the previous allegations herein.

7       146.  PLAINTIFF was constructively terminated by DEFENDANTS because the working

8   conditions at CHIPOTLE were intolerable because of the consistent lack of breaks, insufficient

9   staffing and complete disregard for PLAINTIFF's disability ("PTSD").

10      147.  Complaints and/or information about the lack of breaks and insufficient staffing

11  were made to PLAINTIFF's managers and supervisors but no action was taken in response.

    DEFENDANTS completely ignored PLAINTIFF's concerns.
12
        148.  DEFENDANTS intentionally created or knowingly permitted working conditions so
13
    intolerable that a reasonable person in PLAINTIFF's position would be compelled to resign.
14
    As a result, PLAINTIFF had to resign because her health, safety and well-being were in
15
    jeopardy.
16
        149.  PLAINTIFF resigned in reasonable response to DEFENDANTS' failure to provide
17
    breaks and reasonable accommodation to which she was entitled.
18
        150.  The termination by DEFENDANTS violates the Public Policy of the State of
19
    California as put forward in the California Fair Employment and Housing Act, the California
20
    Constitution, the California Labor Code, and other statutes and provisions.

21      151.  As a result of said conduct, PLAINTIFF suffered general and exemplary damages as

    well as having to incur attorneys' fees to prosecute said action.
22
        152.  DEFENDANTS, and each of them, did acts alleged herein maliciously, fraudulently
23
    and oppressively, with the wrongful intent to injure PLAINTIFF, from an improper and evil
24
    motive amounting to malice, and in conscious disregard of PLAINTIFF's rights.  The acts
25
    complained of were known to, authorized and ratified by DEFENDANTS.  PLAINTIFF is
26
    therefore entitled to recover punitive damages from DEFENDANTS, and each of them, in an
27
    amount according to proof at the time of trial.
28

EXHIBIT A

1

2

3

### FOURTEENTH CAUSE OF ACTION
Unlawful, Unfair and Fraudulent Business Practices
In Violation of B&P Code §§ 17200 and 17203, et seq.
(Against all DEFENDANTS)

4    153. PLAINTIFF re-alleges all of the previous allegations herein.

5    154. The California Business & Professions Code ("B&P Code") § 17200 et seq. prohibits

6    unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

7    155. B&P Code § 17202 provides: "Notwithstanding Section 2289 of the Civil Code,

8    specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in

     case of unfair competition."

9    156. B&P Code § 17203 provides that the Court may restore to any person in interest any

10   money or property which may have been acquired by means of such unfair competition.

11   157. B&P Code § 17203 also provides that any person who meets the standing

12   requirements of Section 17204 and complies with CCP Section 382 may pursue representative

13   claims for relief on behalf of others.

14   158. B&P Code § 17204 allows "any person who has suffered injury in fact and has lost

15   money or property as a result of such unfair competition" to prosecute a civil action for

16   violation of the Unfair Business Practices Act.

17   159. Labor Code § 90.5(a) states that it is the public policy of California to vigorously

18   enforce minimum labor standards in order to ensure PLAINTIFF is not required to work under

19   substandard and unlawful conditions, and to protect employers who comply with the law from

20   those who attempt to gain competitive advantage at the expense of its workers by failing to

     comply with the minimum standards law.

21   160. Pursuant to B&P § 17202, PLAINTIFF is entitled to enforce all applicable provisions

22   of the Labor Code.

23   161. Beginning at an exact date unknown to PLAINTIFF, but at least since the date four

24   years prior to the filing of this suit, DEFENDANTS have committed acts of unfair competition

     as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and

25   fraudulent practices and acts described in this Complaint, including, but not limited to:

26        a.  Violations of the FLSA;

27        b.  Violations of Labor Code §§ 226.7 and 512, and IWC Wage Order 4

28            pertaining to meal and rest periods;

EXHIBIT A

c. Violations of Labor Code §§ 510 and 1194, and IWC Wage Order 4 pertaining to overtime compensation;

d. Violations of Labor Code §§ 201, 203, 204, 210 and 2698(f)(2), pertaining to unpaid wages; and

e. Violations of Labor Code § 226, pertaining to accurate statements of wages.

162. By violating these statutes and regulations, the acts of DEFENDANTS constitute unfair and unlawful business practices under B&P § 17200 *et seq.*

163. The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of B&P Code §§ 17200 and 17203, *et seq.*

164. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of B&P Code §§ 17200 and 17203, *et seq.* DEFENDANTS' violation of the law and regulations described above constitutes a business practice because it was done repeatedly over a significant period of time and in a systematic manner to the detriment of PLAINTIFF. Among other things, DEFENDANTS' acts and practices have forced PLAINTIFF to work more than eight (8) hours in a day and 40 hours in a week without receiving premium (overtime) pay and the meal and rest periods to which she was entitled by law and which are important to employee safety. The acts and practices described above have allowed DEFENDANTS to gain an unfair competitive advantage over law-abiding employers and competitors.

165. As a direct and proximate result of *the acts* and practices described herein, PLAINTIFF has been denied compensation, in an amount to be proven at trial. PLAINTIFF has accordingly suffered injury in fact and has lost money or property as a result of DEFENDANTS' unfair, unlawful and fraudulent business practices, and unfair competition.

166. PLAINTIFF is entitled to restitution pursuant to B&P Code § 17203 for all wages and other compensation unlawfully withheld from PLAINTIFF during the four-year period prior to the filing of the complaint.

167. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from repeating their unlawful, unfair and fraudulent business acts and practices described herein.

168. Pursuant to § 17203 and/or any other applicable law, PLAINTIFF seeks an order preventing DEFENDANTS from engaging in unlawful, unfair and fraudulent conduct, and

EXHIBIT A

preventing DEFENDANTS from profiting and benefiting from illegal and wrongful acts.

169.  PLAINTIFF's success in this action will enforce important rights affecting the public interest.  Therefore, PLAINTIFF sues on behalf of the general public, as well as herself.

WHEREFORE, PLAINTIFF prays for judgment as is further set forth below.

### PRAYER FOR RELIEF

1.  For a declaratory judgment that DEFENDANTS have violated the Federal Labor Standards Act, California Fair Employment and Housing Act, the California Labor Code and public policy, as alleged herein;

2.  For a declaratory judgment that DEFENDANTS have violated B&P Code §§ 17200 and 17203, *et seq.*, as a result of the aforementioned violations of the California Labor Code and public policy protecting workers;

3.  For a permanent and mandatory injunction prohibiting DEFENDANTS, their officers, agents, employees, affiliated companies, and all those working in concert with them, from committing future violations of the laws and public policies described herein;

4.  For an award of restitution;

5.  For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 201-204, 210, 211, and 226(e) together with interest on these amounts;

6.  For an order awarding PLAINTIFF compensatory damages, including but not limited to wages, earnings, and other compensation, according to proof, and interest on these amounts;

7.  For emotional distress damages according to proof;

8.  For punitive damages according to proof;

9.  For an order that DEFENDANTS must disgorge ill-gotten gains;

10. For award of reasonable attorneys' fees, as provided by Labor Code §§ 226(e) and 1194 and/or other applicable law;

//
//
//
//
//

COMPLAINT AND JURY DEMAND

- 19 -

EXHIBIT A

1    11. For statutory prejudgment interest;

2    12. For all costs of suit; and

3    13. For such other and further relief as this Court deems just and proper.

4    Dated: November 16, 2017         KLETTER LAW

5

6                              By: _____

7                              Cary Kletter

8                              Attorney for PLAINTIFF
ESMERALDA SOTO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND JURY DEMAND

- 20 -

**EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY TRIAL DEMANDED

PLAINTIFF requests a trial by jury on each cause of action for which a trial by jury is proper.

Dated: November 16, 2017

KLETTER LAW

By: _____
Cary Kletter
Attorney for PLAINTIFF
ESMERALDA SOTO

COMPLAINT AND JURY DEMAND

- 21 -

EXHIBIT A

12-12-17 (@ /40

# COPY

ENDORSED

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHIPOTLE SERVICES, LLC; and DOES 1 THROUGH 20, inclusive,

S. Alvarez

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ESMERALDA SOTO,

BY FAX

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is
(El nombre y dirección de la corte es)

CASE NUMBER
**17CV319334**

Superior Court of California, County of Santa Clara
191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)
Cary Kletter- Kletter Law - 1900 S. Norfolk Street, Ste. 350, San Mateo, CA 94403; 415.434.3400

DATE        **NOV 17 2017**       Clerk, by    **S. Alvarez**       Deputy
(Fecha)                           (Secretario)                     (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): **Chipotle Services, LLC**

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other (specify):

4. ☒ by personal delivery on (date): 12-12-17

Page 1 of 1

**SUMMONS**

# EXHIBIT A

# COPY

ENDORSED

CM-010

<table>
<tr><td colspan="2">ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Cary Kletter (SBN 210230)<br>Kletter Law<br>1900 S. Norfolk Street, Suite 350, San Mateo, CA 94403</td><td>FOR COURT USE ONLY</td></tr>
<tr><td colspan="2">TELEPHONE NO.: 415.434.3400   FAX NO.:<br>ATTORNEY FOR (Name): Esmeralda Soto</td><td rowspan="4">2017 NOV 17 2014: 5"<br><br>S. Alvarez</td></tr>
<tr><td colspan="2">SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara<br>STREET ADDRESS: 191 N. First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose 95113<br>BRANCH NAME:</td></tr>
<tr><td colspan="2">CASE NAME:<br>SOTO v. CHIPOTLE SERVICES, LLC.; et al.</td></tr>
<tr><td colspan="2"><strong>CIVIL CASE COVER SHEET</strong><br>☑ Unlimited    ☐ Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less)<br><br>Complex Case Designation<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402)</td><td>CASE NUMBER:<br>17CV319334<br>JUDGE:<br>DEPT:</td></tr>
</table>

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☐ nonmonetary, declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 14
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 16, 2017

Cary Kletter
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

BY FAX

EXHIBIT A

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A